FILED
FEB 3 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

| Name: KEITH EARL ROBINSON | Docket or Case No.: CIV-20-97-JD |
|---|---|
| Place of Confinement: Lexington Assessment and Reception Center, Lexington, OK. | Prisoner No.: 656147 |
| Name of Petitioner (include name under which convicted) KEITH EARL ROBINSON  v. | Name of Respondent (authorized person having custody of petitioner) JEORLD BRAGGS |

The Attorney General of the State of: OKLAHOMA

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Washington County District Court, Bartlesville, Oklahoma
   (b) Criminal docket or case number: CF-2013-280

2. (a) Date of judgment of conviction: March 5, 2014
   (b) Date of Sentencing: March 5, 2014

3. Length of sentence: twenty three (23) years imprisonment and a $500 fine.

4. In this case, were you convicted on more than one count or more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Count 1: First Degree Burglary in violation of 21 O.S. 2011 §1431

6. (a) What was your plea?
   ☒ (1) Not guilty        ☐ (3) Nolo Contendere
   ☐ (2) Guilty            ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and not guilty to another count or charge, what did you plead guilty to and what did you plead not guilty to? Not Applicable

   (c) If you went to trial, what kind of trial did you have?
   ☒ Jury  ☐ Judge only

AO 241 Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2254            Page 1 of 9

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   ☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?
   ☒ Yes  ☐ No

9. If you did appeal, answer the following:
   (a) Name of court: Oklahoma Court of Criminal Appeals
   (b) Docket or case number: No. F-2014-201
   (c) Result: Relief denied
   (d) Date of result: July 13, 2015
   (e) Citation to the case: Not publicized
   (f) Grounds raised: **Ground 1: Insufficient Evidence; Ground 2: Judicial error in acting on behalf of the prosecution; Ground 3:Trial court erred in failing to instruct jury on the defense alibi; Ground 4:Trial court failed to instruct the jury on lesser offense; Ground 5: The fine assessed was based on erroneous jury instruction; Ground 6:Ineffective assistance of trial counsel.**

   (g) Did you seek further review by a higher state court?   ☐ Yes  ☒ No
   (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes  ☒ No

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes", give the following information:
    (a)   (1) Name of Court: Washington County District Court of Oklahoma
          (2) Docket or case number: CF-2013-281
          (3) Date of filing: August 31, 2015
          (4) Nature of the proceeding: Post conviction application
          (5) Grounds raised: Ineffective assistance of appellate counsel.
          (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
              ☐ Yes  ☒ No
          (7) Result: Application denied
          (8) Date of result: CF-2013-280
    (b) If you filed any second petition, application, or motion, give the same information: Not Applicable
    (c) If you filed any third petition, application, or motion, give the same information: Not applicable
    (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
        ☒ Yes   ☐No
    (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Not Applicable

AO 241 Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2254                    Page 2 of 9

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State facts supporting each ground.

**GROUND ONE: Insufficient Evidence**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

According to Oklahoma law, the State must prove that there is an element of intent to commit a crime when one enters a dwelling in order to prove burglary in the First degree. In this case, even in the light most reasonable to the state, the prosecution's evidence showed that Petitioner broke and entered the back door of a house in which someone else was present. This in no way provides evidence that he did so with the intent to commit larceny. Nor was any additional evidence presented from which an intent, much less intent to commit larceny, could be proven. This is laid out more fully in the brief in support.

(a) If you did not exhaust your state remedies on Ground One, explain why: Not Applicable

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☐ Yes   ☒ No

(2) Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number:

Date of the court's decision:

Result:

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes", State:

Name and location of the Court where the appeal was filed:

Docket or case number:

Date of court's decision:

Result:

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: Not Applicable

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Not Applicable

**GROUND TWO:** <u>Error occurred when the judge departed from his role as a neutral jurist and assumed the duty of the prosecutor.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
<u>The judge went outside of his duties by acting as an advocate for the state of Oklahoma in investigating defense witness Chidester. The Judge questioned the witness in an attempt to impeach her and went outside of his scope of duties as a neutral arbiter. Since adjudication of this ground in state court, this judge was removed from office due to numerous improper acts against defendants in criminal cases. This claim is laid out more fully in Petitioner's Brief in Support of Habeas Corpus</u>

(a) If you did not exhaust your state remedies on Ground One, explain why: <u>Not Applicable</u>

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☐ Yes  ☒ No

(2) Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number:

Date of the court's decision:

Result:

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes", State:

Name and location of the Court where the appeal was filed:

Docket or case number:

Date of court's decision:

Result:

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: <u>Not Applicable</u>

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: <u>Not Applicable</u>

**GROUND THREE:** <u>The trial court's failure to provide the jury instruction with regard to lesser-included offenses denied appellant his fundamental right to a fair trial.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

<u>The trial court has an obligation to instruct the jury on the applicable law. In this case, the trial court was required by law to give instruction concerning every lesser included offense, where the evidence reasonably tends to support the instruction. Petitioner's jury should have been instructed with regard to the included offense of breaking and entering without permission. This claim is laid out more fully in Petitioner's Brief in Support of Habeas Corpus</u>

(a) If you did not exhaust your state remedies on Ground One, explain why: <u>Not Applicable</u>

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: The purpose of an Ineffective Assistance of Appellate Counsel claim is to raise issues that were not brought up on direct appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☒ Yes   ☐ No

(2) Type of motion or petition: Application for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Washington County District Court

Docket or case number: CF-2013-280

Date of the court's decision: Dec. 2, 2016

Result: Relief denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes", State:

Name and location of the Court where the appeal was filed: Oklahoma Court of Criminal Appeals

Docket or case number: PC-2019-81

Date of court's decision: Jul 1, 2019

Result: Denial of relief affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: Not Applicable

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>Not Applicable</u>

**GROUND FOUR: <u>Ineffective assistance of trial counsel.</u>**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

<u>Trial counsels actions in Petitioner's defense were deficient and prejudiced the Petitioner. Had counsel acted reasonably, the outcome of the trial would have been different. This claim is laid out more fully in Petitioner's Brief in Support of Habeas Corpus</u>

  (a) If you did not exhaust your state remedies on Ground One, explain why: <u>Not Applicable</u>

  (b)     **Direct Appeal of Ground Five:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why: The purpose of an Ineffective Assistance of Appellate Counsel claim is to raise issues that were not brought up on direct appeal

  (c)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☒ Yes   ☐ No

        (2) Type of motion or petition: Application for Post-Conviction Relief

        Name and location of the court where the motion or petition was filed: Washington County District Court

        Docket or case number: CF-2013-280

        Date of the court's decision: Dec. 2, 2016

        Result: Relief denied

        (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

        (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

        (5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal?   ☒ Yes   ☐ No

        (6) If your answer to Question (d)(4) is "Yes", State:

        Name and location of the Court where the appeal was filed: Oklahoma Court of Criminal Appeals

        Docket or case number: PC-2019-81

        Date of court's decision: Jul 1, 2019

        Result: Denial of relief affirmed

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: <u>Not Applicable</u>

  (e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>Not Applicable</u>

**GROUND FIVE:** <u>Ineffective assistance of appellate counsel.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
<u>Appellate counsel failed to raise certain direct appeal claims that had merit. These sub-claims are presented under this claim. Had counsel raised these claims, the outcome of the direct appeal would have been different. This claim is laid out more fully in Petitioner's Brief in Support of Habeas Corpus</u>

(a) If you did not exhaust your state remedies on Ground One, explain why: <u>Not Applicable</u>

(b) **Direct Appeal of Ground Six:**

If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes  ☐ No

Type of motion or petition: Application for Post-conviction Relief

Name and location of the court where the motion or petition was filed: Washington County District Court

Docket or case number: CF-2013-280

Date of the court's decision: Dec. 2, 2016

Result: Denial of relief

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes", did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes", State:

Name and location of the Court where the appeal was filed: Oklahoma Court of Criminal Appeals

Docket or case number: PC-2019-81

Date of court's decision: Jul. 1, 2019

Result: Denial of relief affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue: <u>Not Applicable</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>Not Applicable</u>

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes  ☐ No

If your answer is "No", state which grounds have not been so presented and give your reason(s) for not presenting them: <u>Not Applicable</u>

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reason for not presenting them: <u>No</u>

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes   ☐ No

15. Do you have any petition or appeal now pending in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
(b) At arraignment and plea:
(c) At trial:
(d) At sentencing:
(e) On appeal:
(f) In any post-conviction proceeding:
(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition. <u>Petitioner's 365 day time limit began on October 13, 2015 which was 90 days after direct appeal denial to the state's highest court. Petitioner filed for post conviction relief in state court on August 31, 2015. The final order in state court was given July 1, 2019. Petitioner has until July 1, 2020 to file his Federal Habeas Application and is still within his time limit as contained in 28 U.S.C. §2244(d)</u>

Therefore, Petitioner asks that the Court issue a writ of Habeas Corpus for his immediate release, remand to the state of Oklahoma for further proceedings, or any other relief to which petitioner may be entitled.

*Keith Robinson*

Keith Robinson, pro se petitioner
LCC
P.O. Box 260
Lexington, Oklahoma 73051

AO 241 Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2254        Page 8 of 9

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this 30th day of January, 2020 to the following addresses:

_____
Signature of Petitioner