# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEITH EARL ROBINSON** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **Case No. CIV-20-97-JD** |
| | ) |
| **JEORLD BRAGGS,** | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  *See* Doc. 1.  United States District Judge Jodi W. Dishman has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  *See* Doc. 5.

Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition and, for the following reasons, recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma.

## I.   Analysis.

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma."  28 U.S.C. § 116.  In this action, Petitioner challenges his conviction in the District Court of Washington County, Case No. CF-2013-280.  *See* Doc. 1.  Washington County

is located within the territorial jurisdiction of the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a). Petitioner is now confined at the Lexington Assessment and Reception Center/Lexington Correctional Center in Lexington, Cleveland County, Oklahoma, *see* Doc. 1, at 1 & Att. 1, located within the territorial jurisdiction of the Western District of Oklahoma.[1] *See* 28 U.S.C. § 116(c).

Under these circumstances, both federal district courts have jurisdiction to entertain this habeas corpus petition, *see* 28 U.S.C. § 2241(d), and this Court may, in its discretion and the interest of justice, "transfer the application to the other district court for hearing and determination." *Id.*

It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located. Moreover, in the event of any hearing, trial counsel for the prosecution and for Petitioner as well as any necessary witnesses are more likely to be available in the district where the conviction was obtained. For these reasons, the federal district courts in Oklahoma have had a

---

[1]     The undersigned judicially notices the location of Lexington, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

longstanding policy favoring transferring habeas actions to the district of conviction.

## II.   Recommendation and notice of right to object.

Based on these considerations, the undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma for all further proceedings.

The undersigned advises Petitioner that he may file an objection to this Report and Recommendation with the Clerk of Court by February 27, 2020. The undersigned further advises Petitioner that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F. 2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma at the following address: fhc.docket@oag.ok.gov.

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 6th day of February, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3