## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KEITH EARL ROBINSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0086-GKF-CDL** |
| | ) | |
| **RICK WHITTEN,[1]** | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION AND ORDER

This matter is before the Court on respondent's motion (Dkt. 15) to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1) as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.   Respondent filed a brief (Dkt. 16) in support of the motion, and petitioner filed a response (Dkt. 17) opposing the motion.   For the following reasons, the Court denies respondent's motion.   No later than 30 days after the entry of this opinion and order, respondent shall file a response to the petition, in accordance with Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, and submit any additional state-court records that may be necessary to adjudicate petitioner's claims.

### I.     Background

Petitioner seeks federal habeas relief from the criminal judgment entered against him in the District Court of Washington County, Case No. CF-2013-280.  Dkt. 1, at 1.[2]  A jury in that case found petitioner guilty of first degree burglary, after former conviction of two or more felonies,

---

[1] Petitioner is incarcerated at the Lexington Correctional Center (LCC).   The Court therefore substitutes Rick Whitten, the LCC's interim warden, in place of Jeorld Braggs, as party respondent.  Fed. R. Civ. P. 25(d).  The Clerk of Court shall note this substitution on the record.

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

and the trial court imposed a 23-year prison sentence. *Id.*; Dkt. 3, at 5.  Petitioner filed a direct appeal asserting six propositions of error.  Dkt. 1, at 2; Dkt. 16-1.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's conviction and sentence on July 13, 2015, in Case No. F-2014-201.  Dkt. 16-1.  Petitioner did not seek further direct review by filing a petition for writ of certiorari in the U.S. Supreme Court.  Dkt. 1, at 2.  However, for the next four years, petitioner attempted to obtain postconviction relief in state court on claims he did not raise in his direct appeal.

### A.      First application for postconviction relief and related proceedings

Petitioner applied for postconviction relief in state district court on August 31, 2015, raising claims of ineffective assistance of counsel and prosecutorial misconduct.  Dkt. 16-2.  In the application, petitioner requested additional time to file a supporting brief.  *Id.* at 3-4.  Along with his application for postconviction relief, petitioner filed three motions requesting an enlargement of time, an evidentiary hearing and "transcripts at public expense."  Dkt. 16-15, at 13.  On November 13, 2015, petitioner filed an application for writ of mandamus in the OCCA, citing the state district court's failure to rule on his motion for transcripts.  *Robinson v. State*, No. MA-2015-1004, oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2015-1004&cmid =117901 (last visited Dec. 8, 2020).[3]  The OCCA denied petitioner's mandamus application on December 2, 2015.  *Id.*

---

[3] Respondent provided a copy of the docket sheet from Washington County District Court Case No. CF-2013-280 and some electronic filings are available through links provided in that document.  Dkt. 16-15.  The Court also takes judicial notice of the docket sheets and electronic filings in petitioner's related state collateral proceedings.  *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (finding it appropriate "to take judicial notice of publicly-filed records in [its own] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007))).

Nearly one year later, on November 23, 2016, petitioner filed a second application for writ of mandamus in the OCCA, citing the state district court's failure to rule on either his motion for transcripts or his application for postconviction relief. *Robinson v. DeLapp*, No. MA-2016-1074, oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2016-1074&cmid =120394 (last visited Dec. 8, 2020). The OCCA issued an order on December 1, 2016, directing the state district court to file a response. *Id.* The next day, on December 2, 2016, the state district court denied petitioner's pending motions and his application for postconviction relief. Dkt. 16-5. The state district court submitted a certified copy of its December 2, 2016 order to the OCCA on December 6, 2016, and, on December 16, 2016, the OCCA dismissed as moot petitioner's application for a writ of mandamus. *Robinson v. DeLapp*, No. MA-2016-1074, oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2016-1074&cmid =120394 (last visited Dec. 8, 2020).

Meanwhile, on December 8, 2016, petitioner filed a notice of postconviction appeal in state district court and requested "preparation of the record on appeal as required by Rule 5.2(C)(6), Rule of the Court of Criminal Appeals." Dkt. 16-6. Petitioner filed a petition in error and brief in support in the OCCA on January 3, 2017, in Case No. PC-2017-3. Dkt. 16-7. The state district court received a certificate of appeal from the OCCA on January 6, 2017. Dkt. 16-15, at 14. Nothing in the record shows that the clerk of the state district court either compiled an appeal record or filed a notice of completion of record with the OCCA upon receipt of petitioner's notice

of appeal or upon receipt of the certificate of appeal.[4]  Dkt. 16-15, at 14.

By order filed April 7, 2017, the OCCA declined jurisdiction and dismissed petitioner's postconviction appeal, citing petitioner's failure to submit a certified copy of the state district court's order, as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017),[5] and stating that petitioner "provided an insufficient record for review." Dkt. 16-8, at 1.

### B.   Second application for postconviction relief and related proceedings

Petitioner filed a second application for postconviction relief in state district court, on May 1, 2017, seeking leave to file an out-of-time postconviction appeal and alleging that he did, in fact, submit a copy of the state district court's order with the petition in error he filed in his original

---

[4] When petitioner attempted to perfect his original postconviction appeal, Rule 5.3(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017), provided: "Upon receipt of the Notice of Post-conviction Appeal, the Clerk of the District Court shall compile two certified copies of the record on appeal as defined by Rule 5.2(C)(6), and ensure the Notice of Completion of record is filed with this Court within thirty (30) days of the filing of the Notice of Post-conviction Appeal, unless an extension is requested by the court clerk and granted by this Court." Rule 5.2(C)(6) required the record on appeal to include, *inter alia*, a copy of the state district court's order and a copy of the notice of postconviction appeal. In addition, Rule 5.4(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017), required the assigned district court judge to "monitor and ensure timely notice is provided to the parties by the clerk of the District Court, and if a notice of post-conviction appeal is filed, a timely completion of the record on appeal by the clerk of the District Court together with the court reporter(s), as required."

[5] When petitioner attempted to perfect his original postconviction appeal, Rule 5.2(C)(2) provided, in relevant part:

> A petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court. The petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed. If the post conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within thirty (30) days from the date the final order of the District Court is filed with the Clerk of the District Court.

postconviction appeal.[6]  Dkt. 16-9.  To support this allegation, petitioner submitted two sworn affidavits—one from himself and one from a law clerk at his prison.  *Id.* at 5-6.  Both affidavits averred that petitioner included with his petition in error a certified copy of the state district court's order.  *Id.*

On September 13, 2017, just over four months after he filed his second application for postconviction relief, petitioner filed an application for writ of mandamus in the OCCA, seeking an order directing the state district court to issue a ruling.  *Robinson v. State*, No. MA-2017-943, oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2017-943&cmid =122357 (last visited Dec. 8, 2020).  On September 26, 2017, the OCCA directed the state district court to file a response.  *Id.*  The state district court issued an order on October 24, 2017, recommending that petitioner be allowed to file a postconviction appeal out of time.  Dkt. 16-10. On November 14, 2017, after receiving a copy of the state district court's order, the OCCA dismissed as moot petitioner's mandamus application.  *Robinson v. State*, No. MA-2017-943, oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2017-943&cmid =122357 (last visited Dec. 8, 2020).

In the interim, on November 8, 2017, petitioner filed an application for an appeal out of time in the OCCA, in Case No. PC-2017-1137, seeking permission from the OCCA to file a

---

[6] As explained in *Gibson v. Klinger*, 232 F.3d 799, 806-07 (10th Cir. 2000) (internal citations omitted):

> Oklahoma law allows a prisoner to file applications for leave to appeal out of time, requiring that he seek permission of both the district and the appellate courts before filing an actual appeal out of time.  Under Oklahoma's rule, a petitioner seeking permission to appeal out of time must file an "application for Post–Conviction Relief," asking the state district court to grant leave to petition the appellate court. The petitioner may then appeal the district court's grant or denial to the Oklahoma Court of Criminal Appeals.  Permission of the state appellate court is required before a petitioner may file the actual appeal.

postconviction appeal out of time. Dkt. 16-11. With the application, petitioner submitted a copy of the state district court's October 24, 2017 order recommending that he be granted leave to file an out-of-time postconviction appeal. Dkt. 16-11, at 3-5. On January 12, 2018, the OCCA granted petitioner leave to file an out-of-time postconviction appeal. Dkt. 16-12. In its order, the OCCA directed petitioner to "lodge the appeal in accordance with Rules 2.1(E)(3) and 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017)." Dkt. 16-12, at 2.[7] The OCCA further stated, "[t]he Petition in Error, supporting brief, and a certified copy of the District Court Order must be filed with this Court within thirty (30) days from the date of this Order as required by Rule 5.2(C)," and that "[t]he Petition in Error shall reference this Order granting Petitioner a post-conviction appeal out of time." Dkt. 16-12, at 2.

Petitioner filed a petition in error and brief in support in the OCCA, in Case No. PC-2018-105, on January 31, 2018.[8] Dkts. 16-13, 16-14. Petitioner submitted several exhibits with his

---

[7] When the OCCA granted petitioner leave to file a postconviction appeal out of time, Rule 2.1(E)(3), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018)), provided: "When [the OCCA] grants an appeal out of time from a final judgment entered under the Post-Conviction Procedure Act, the documents required to be filed in [the OCCA] for perfecting that post-conviction appeal shall be filed by the petitioner within thirty (30) days of the order granting an appeal out of time in accordance with Rule 5.2(C)." As relevant here, Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018), provided: "The party desiring to appeal from the final order of the District Court under Section V of these Rules MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within ten (10) days from the date the order is filed in the District Court." Rule 5.2(C)(2) provided, in relevant part, that "[t]he petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed."

[8] The state district court received a copy of the OCCA's order granting petitioner leave to file an out-of-time postconviction appeal on January 17, 2018, and received a certificate of appeal from the OCCA, in Case No. PC-2018-105, on February 6, 2018. Dkt. 16-15, at 15. Nothing in the record reflects either that petitioner filed a notice of postconviction appeal specific to Case No. PC-2018-105 or that the clerk of the state district court prepared an appeal record or filed a notice of completion with the OCCA after receiving the related certificate of appeal. Dkt. 16-15, at 15.

supporting brief, including certified copies of the state district court's December 2, 2016 order denying his first application for postconviction relief and the state district court's October 24, 2017 order recommending an out-of-time postconviction appeal.  Dkt. 16-14, at 12-14, 17-20.  The OCCA dismissed petitioner's out-of-time postconviction appeal on May 21, 2018, citing petitioner's failure to either provide a copy of his notice of postconviction appeal or provide a statement in his petition in error regarding the date he filed his notice of appeal, as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). Dkt. 16-16.

### C.    Third application for postconviction relief and related proceedings

Petitioner filed a third application for postconviction relief in state district court on July 20, 2018, again seeking leave to file an out-of-time postconviction appeal.  Dkt. 16-17.  In his third application, petitioner claimed "he was denied his right to appeal" from the denial of his first application for postconviction relief and the OCCA improperly dismissed his attempted postconviction appeal out of time, in Case No. PC-2018-105, because "[a] notice of intent to appeal was properly filed when the [p]etitioner first attempted to appeal the post-conviction denial on December 8, 2016 and the record was transmitted from the district court to the OCCA."  Dkt. 16-17, at 1-2.  Petitioner argued that even if he did not technically comply with Rule 5.2(C)(2) by referring to the December 8, 2016 notice of appeal in his petition in error or by attaching a copy of the notice, "there was practical compliance" because the clerk for the state district court "was required to transmit a copy of the notice of intent to appeal to the OCCA in accordance with 5.2(C)(6)(f), when the rest of the record was transmitted."  Dkt. 16-17, at 2-3.

Petitioner filed a petition for writ of mandamus in the OCCA, on December 4, 2018, seeking an order directing the state district court to issue a ruling on his third application for

postconviction relief. *Robinson v. Dist. Court of Washington Cty.*, No. MA-2018-1212, oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2018-1212&cmid =125366 (last visited Dec. 11, 2020). The OCCA issued an order on January 3, 2019, directing the state district court to file a response. *Id.* The state district court denied petitioner's third application on January 16, 2019. Dkt. 16-18.[9] The state district court submitted a certified copy of its order to the OCCA and, on February 5, 2019, the OCCA dismissed as moot petitioner's mandamus petition. *Robinson v. Dist. Court of Washington Cty.*, No. MA-2018-1212, oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2018-1212&cmid =125366 (last visited Dec. 11, 2020).

Two days later, on February 7, 2019, petitioner filed an application for leave to file an appeal out of time in the OCCA, in Case No. PC-2019-81. Dkt. 16-19. The state district court received a certificate of appeal from the OCCA on February 11, 2019, filed a notice of completion of record on appeal with the OCCA on February 28, 2019, and submitted the record to the OCCA on March 8, 2019. Dkt. 16-15, at 16. On July 1, 2019, the OCCA affirmed the denial of petitioner's third application for postconviction relief, finding that petitioner was not entitled to file an out-of-time postconviction appeal because he failed to show he was denied a postconviction appeal through no fault of his own. Dkt. 16-20.

Six months later, on January 30, 2020, petitioner filed the instant federal habeas petition.

---

[9] While petitioner's third application clearly sought leave to file an out-of-time postconviction appeal, *see* Dkt. 16-17, the state district court construed the application as one directly seeking postconviction relief. In its one-page order, the state district court provided an abbreviated procedural history of petitioner's case, stated that petitioner "now returns to the district court asking for post-conviction relief again in July, 2018," and denied relief, finding "no basis in the record [to] sustain his application." Dkt. 16-18, at 1.

Dkt. 1, at 1, 9.[10]   Petitioner seeks federal habeas relief on four claims he presented to the OCCA

through his direct appeal, and on the ineffective-assistance-of-appellate-counsel claim he

attempted to present to the OCCA through his original and out-of-time postconviction appeals.

Dkt. 1, at 3-7.

## II.   Discussion

Respondent moves to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year

statute of limitations.  Dkts. 15, 16.  Under the Antiterrorism and Effective Death Penalty Act

(AEDPA), a state prisoner seeking federal habeas relief from a state-court judgment generally has

one year from "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review" to file a 28 U.S.C. § 2254 petition for writ of

habeas corpus in federal court.  28 U.S.C. § 2244(d)(1)(A).[11]   The one-year limitation period is

tolled, or suspended, for "[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending."

28 U.S.C. § 2244(d)(2).   To obtain the benefit of statutory tolling, the habeas petitioner must

properly file the application for state postconviction relief or other collateral review by complying

with applicable state filing requirements.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Because the AEDPA's one-year statute of limitations is not jurisdictional, federal courts

---

[10] The Clerk of Court for the U.S. District Court for the Western District of Oklahoma received the petition on February 3, 2020.  Dkt. 1, at 1.  But petitioner swears, under penalty of perjury, that he delivered the petition to prison officials on January 30, 2020, utilizing the prison mailing system, and the mailing envelope is postmarked January 31, 2020.  Dkt. 1, at 9; Dkt. 1-1.  Under these facts, the Court deems the petition filed on January 30, 2020.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (adopting prison mailbox rule for inmate filings); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (establishing requirements for compliance with prison mailbox rule).

[11] The one-year limitation period may also commence on a later date under 28 U.S.C. § 2244(d)(1)(B), (C) or (D).  Because neither party suggests any of these subsections apply, the Court considers only whether the petition is timely under § 2244(d)(1)(A).

have discretion to toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645, 649-50 (2010). To obtain equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of the federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner seeking equitable tolling bears the burden "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Equitable tolling is considered "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929). And "[s]imple excusable neglect is not sufficient" to warrant equitable tolling. *Gibson v. Klinger*, 232 F.3d at 808. Nevertheless, equitable tolling may be appropriate "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.*

In addition, courts may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But *Perkins*' equitable exception "applies to a severely confined category" of cases, namely, "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 569 U.S. at 395 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Respondent contends the petition is untimely under 28 U.S.C. § 2244(d)(1)(A), even with the benefit of statutory tolling, and that petitioner has not demonstrated any circumstances to support equitable tolling of the limitation period or application of *Perkins*' equitable exception.

### A.     The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

Because the OCCA affirmed petitioner's state-court judgment on July 13, 2015, and petitioner did not file a petition for writ of certiorari in the U.S. Supreme Court, petitioner's one-year limitation period commenced on October 14, 2015, the day after the time expired for petitioner to seek further direct review.[12]  28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that the AEDPA's one-year limitation period is tolled during 90-day period in which the petitioner could seek further review in U.S. Supreme Court, regardless of whether petitioner actually seeks review).  Thus, absent statutory or equitable tolling, petitioner's one-year limitation period would have expired on October 14, 2016, more than three years before he filed the instant habeas petition.

### B.     Statutory tolling does not render the petition timely.

Petitioner appears to contend that the petition, filed January 30, 2020, is timely because he is entitled to statutory tolling for the entire period between October 14, 2015, when his one-year period commenced, and July 1, 2019, when the OCCA affirmed the denial of his third application for postconviction relief.  Dkt. 1, at 8.  Thus, in petitioner's view, he had until July 1, 2020, to file a timely federal habeas petition.  *Id.*

---

[12] Both parties suggest that petitioner's one-year limitation period commenced on October 13, 2015.  Dkt. 1, at 2, 8; Dkt. 16, at 8.  This is incorrect.  As respondent notes, because petitioner's 90-day period for seeking further direct review in the U.S. Supreme Court would have expired on October 11, 2015, a Sunday, petitioner would have had until the following Monday, October 12, 2015, to file a petition for writ of certiorari in the U.S. Supreme Court.  Dkt. 16, at 8; Fed. R. Civ. P. 6(a)(1)(C).  However, because Monday, October 12, 2015, was a legal holiday (Columbus Day), petitioner had until Tuesday, October 13, 2015, to file a timely petition for writ of certiorari.  Fed. R. Civ. P. 6(a)(1)(C).  Thus, his 90-day period for seeking further direct review expired on October 13, 2015, and his one-year limitation period commenced the next day, October 14, 2015.  Fed. R. Civ. P. 6(a)(1)(A); *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that Fed. R. Civ. P. 6 applies in calculating the AEDPA's one-year limitation period and concluding that prisoner's one-year limitation period "commenced on the day after expiration of the time for petitioning for certiorari").

Respondent disagrees and contends petitioner is entitled to statutory tolling for only three periods when properly filed applications for postconviction relief were pending in state court. Dkt. 16, at 15-20. Respondent further contends that even with the benefit of statutory tolling, the petition is untimely. *Id.*

The Court agrees with both contentions. As previously discussed, an application for postconviction relief is "properly filed" for purposes of statutory tolling only if the petitioner files it in compliance with applicable state procedural filing requirements. *Artuz*, 531 U.S. at 8; *see also Habteselassie v. Novak*, 209 F.3d 1208, 1212 (10th Cir. 2000) (interpreting "the phrase 'properly filed'" as used in § 2244(d)(2), "to apply only to filing requirements" that must be met before the state court accepts an application for filing, rather than affirmative defenses that might be invoked to argue that a particular claim raised in the application is procedurally barred). As a result, federal courts "look to state law to determine whether an application is 'properly filed.'" *Gibson*, 232 F.3d at 806. And, if application of a state's procedural rules requires interpretation of state law, "[a] state court's interpretation of its own law is binding on a federal court conducting habeas review." *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016) (alteration in original) (quoting *House v. Hatch*, 527 F.3d 1010, 1028 (10th Cir. 2008)). Under federal law, a properly filed application is "pending" for purposes of tolling under § 2244(d)(2) only for "the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to [the] particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Applying these principles, the Court agrees with respondent that petitioner is entitled to three periods of statutory tolling and that these three periods do not render the instant habeas petition timely filed.

12

### 1.      October 14, 2015, through January 3, 2017

First, the one-year limitation period was tolled from October 14, 2015, through January 3, 2017. As previously discussed, petitioner filed his first application for postconviction relief on August 31, 2015, and that application was pending when his one-year limitation period commenced on October 14, 2015. Thus, October 14, 2015, was the first day of the statutory tolling period for his first application for postconviction relief. *See Vickers v. Bear*, No. CIV 14-528-RAW-KEW, 2016 WL 1032817, at *2 (E.D. Okla. Mar. 15, 2016) (unpublished) (noting that postconviction application filed before conviction was final "had no tolling effect until . . . the first day of the statutory year").[13]

The state district court denied petitioner's first application for postconviction relief on December 2, 2016. Under Oklahoma law, petitioner had 10 days from that date to file a timely notice of appeal and 30 days to perfect a postconviction appeal. Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017); *Loftis*, 812 F.3d at 1270-71. Petitioner timely filed a notice of appeal in state district court on December 8, 2016, and timely filed a petition in error and brief in support in the OCCA on January 3, 2017. But the OCCA determined, on April 7, 2017, that petitioner failed to properly file his postconviction appeal because he did not attach to his petition in error a certified copy of the state district court's order, as required by Rule 5.2(C)(2). Petitioner is therefore entitled to statutory tolling only from October 14, 2015, through January 3, 2017, the last day he could have properly filed his original

---

[13] The Court cites this unpublished decision as persuasive authority. *See* Fed. R. Civ. P. 32.1(a); 10th Cir. R. 32.1(A).

postconviction appeal.[14]   *Cf. Gibson*, 232 F.3d at 804 ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law.").  After this first tolling period ended, 117 days passed before petitioner tolled his one-year limitation by filing a second application for postconviction relief, seeking an out-of-time postconviction appeal.

In response to the dismissal motion, petitioner appears to argue that he is entitled to statutory tolling for the 117 days between January 4, 2017, and April 30, 2017, because (1) he attached a copy of the state district court's order with the petition in error he filed on January 3, 2017, and (2) the OCCA ultimately found that petitioner's failure to perfect his original postconviction appeal "was due to no fault of his own" on January 12, 2018, when it granted him leave to file a postconviction appeal out of time. Dkt. 17, at 1-2.[15]  Petitioner seems to contend he is therefore entitled to statutory tolling for the entire period from October 14, 2015, through February 12, 2018, the last day he could have perfected his out-of-time postconviction appeal. Dkt. 17, at 1-2.

As further discussed below, petitioner is entitled to statutory tolling between May 1, 2017 and February 12, 2018, while his second application for postconviction relief was pending. However, to the extent petitioner seeks additional statutory tolling of the 117-day period between the expiration of his deadline to perfect his original postconviction appeal and the date he filed his

---

[14] Respondent contends that petitioner's 30-day statutory period to perfect a postconviction appeal from the December 2, 2016 order expired on January 2, 2017, and his AEDPA limitation period began running the next day, January 3, 2017. Dkt. 16, at 17-18.  But because Monday, January 2, 2017, was a legal holiday (New Year's Day, observed), petitioner's 30-day statutory period expired on Tuesday, January 3, 2017, and his AEDPA limitation period began running on January 4, 2017.  Fed. R. Civ. P. 6(a); *Hurst*, 322 F.3d at 1260-61.

[15] Because it is not entirely clear from petitioner's response whether he seeks statutory or equitable tolling for this 117-day period, the Court addresses statutory tolling in this section of the opinion and equitable tolling, *infra*, in Section II.C.

second application for postconviction relief seeking an out-of-time postconviction appeal, *Gibson* forecloses his argument.   Even assuming petitioner properly filed his original postconviction appeal and the OCCA effectively acknowledged that he did so by granting him leave to file an out-of-time postconviction appeal, the OCCA's decision on that point does not transform his first application for postconviction relief into a properly filed application that was "pending" from the date it was filed, on August 31, 2015, through February 12, 2018, when the time expired for him to perfect an out-of-time postconviction appeal.  *See Gibson*, 232 F.3d at 806 ("A state court's decision to . . . grant an appeal out of time does not transform all of a petitioner's state filings into one 'properly filed' application, which essentially 'relates back' to a petitioner's original application for state post-conviction relief.").   Thus, petitioner's first period of statutory tolling ended on January 3, 2017, his one-year limitation period began to run on January 4, 2017, and 117 days passed before petitioner filed his second application for postconviction relief on May 1, 2017.

### 2.      May 1, 2017, through February 12, 2018

Second, petitioner is entitled to statutory tolling from May 1, 2017, through February 12, 2018.  As just discussed, the OCCA dismissed petitioner's original postconviction appeal on April 7, 2017, and petitioner filed a second application for postconviction relief in state district court on May 1, 2017, seeking leave to file a postconviction appeal out of time.  The state district court recommended an out-of-time postconviction appeal, and, on January 12, 2018, the OCCA granted petitioner leave to file an out-of-time postconviction appeal.  Dkt. 16-12, at 2.  Petitioner attempted to perfect the out-of-time postconviction appeal by filing a petition in error and brief in support on January 31, 2018, in Case No. PC-2018-105.  Dkts. 16-13, 16-14.  But the OCCA dismissed the appeal on May 21, 2018, citing petitioner's failure to either (1) file a notice of postconviction appeal, (2) indicate in his petition in error that he had filed a notice of appeal, or (3) provide the

OCCA "with any other proof" that he had filed a notice of postconviction appeal. Dkt. 16-16, at 3. Because the OCCA found that petitioner did not comply with the OCCA's procedural rules when he attempted to perfect his out-of-time postconviction appeal, petitioner's one-year limitation period was tolled, by statute, only from May 1, 2017, when he filed his second application for postconviction relief, through February 12, 2018, when the time expired for petitioner to properly file the out-of-time postconviction appeal.[16]

Petitioner appears to resist this conclusion by arguing that the OCCA should not have dismissed his out-of-time postconviction appeal because he filed a notice of appeal on December 8, 2016, to initiate his original postconviction appeal, in Case No. PC-2017-3. Dkt. 17, at 3-5. *Gibson* and *Loftis* appear to foreclose this argument as well. As previously discussed, the OCCA determined that petitioner failed to perfect his out-of-time postconviction appeal, in Case No. PC-2018-105, because he did not comply with Rule 5.2(C)(2)'s requirement that he either include a statement in his petition in error indicating when and where he filed the notice of appeal or provide a copy of the notice of appeal. Dkt. 16-16, at 3-4. The OCCA also cited *Pershall v. State*, 400 P.3d 871 (Okla. Crim. App. 2017). Dkt. 16-16, at 3-4. In *Pershall*, the OCCA held that the filing of a notice of postconviction appeal is jurisdictional and emphasized "that the filing of the Notice of Post-Conviction Appeal is essential because it triggers the District Court Clerk's duty to assemble the record on appeal, transmit the Notice of Completion of the record, and timely file the record with the Clerk of [the OCCA]." *Pershall*, 400 P.3d at 872. Because the OCCA has the final say on whether a state prisoner seeking relief in state court complied with the OCCA's own procedural rules, this Court will not second guess the OCCA's determination that petitioner failed

---

[16] Petitioner's 30-day period to perfect his out-of-time postconviction appeal expired on February 11, 2018, but because that was a Sunday, petitioner had until February 12, 2018, to perfect his appeal. Fed. R. Civ. P. 6(a)(1)(C).

to comply with those rules when he attempted to perfect his out-of-time postconviction appeal. *Loftis*, 812 F.3d at 1272. Accordingly, the Court rejects petitioner's argument that he is entitled to statutory tolling beyond February 12, 2018.

Thus, petitioner's second statutory tolling period ended on February 12, 2018, petitioner's one-year limitation period began to run the next day, February 13, 2018, and that limitation period ran for 156 days before petitioner filed his third application for postconviction relief, on July 20, 2018, again seeking leave to file an out-of-time postconviction appeal.

### 3.      July 20, 2018, through July 1, 2019

Third and finally, it is undisputed that petitioner is eligible for statutory tolling from July 20, 2018, when he filed his third application for postconviction relief in state district court, through July 1, 2019, when the OCCA affirmed the state district court's order denying that application.

Petitioner's one-year limitation period therefore began to run again on July 2, 2019, after this third period of statutory tolling ended. At that point, 273 days (117 + 156) of his one-year limitation period had passed, leaving him with 92 days (365 – 273), or until October 2, 2019, to file a timely federal habeas petition. He did not file the instant petition until January 30, 2020, nearly four months later.

### 4.      Conclusion

Even with the benefit of statutory tolling, the petition is untimely under § 2244(d)(1)(A). As a result, unless equitable tolling is warranted, the petition should be dismissed as time-barred.

### C.      Equitable tolling is warranted under the particular facts of this case.

As respondent points out, petitioner did not seek equitable tolling in his petition. Dkt. 1, generally. Respondent thus contends that petitioner failed to demonstrate any circumstances that would warrant equitable tolling. Dkt. 16, at 20-26. Nevertheless, in response to the dismissal

motion, petitioner appears to seek equitable tolling for a portion of the time he spent seeking postconviction relief and for a 28-day period when his prison facility was locked down due to gang violence. Dkt. 17.[17]

As previously stated, to obtain equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented" him from timely filing a federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Under established precedent in this circuit, equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif*, 779 F.3d at 1179; *Yang*, 525 F.3d at 929. But two cases—*Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003), and *Loftis v. Chrisman*, 812 F.3d 1268 (10th Cir. 2016)—persuade this Court that the circumstances of this case warrant this remedy.

In *Burger*, a federal district court dismissed a petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus as untimely, and the U.S. Court of Appeals for the Tenth Circuit reversed the dismissal, in part, finding that the district court should have applied equitable tolling. *Burger*, 317 F.3d at 1134. There, the petitioner attempted to exhaust his federal habeas claim in state court by filing a state habeas petition. *Id.* at 1135. The petitioner submitted his state habeas petition to prison officials on January 7, 2000, but, for reasons unknown, the clerk of the state district court did not file the petition until over four months later, on May 12, 2000. *Id.* The petitioner filed a federal habeas petition only 14 days after the OCCA denied relief, but the federal district court determined the federal habeas petition was untimely and dismissed the petition as barred by the

---

[17] Respondent further contends that petitioner has not presented a colorable claim of actual innocence that would support application of *Perkins*' equitable exception to excuse his failure to file a timely petition. Dkt. 16, at 23-26. But the Court finds it unnecessary to address this argument because the Court finds nothing in the petition or petitioner's response to the dismissal motion suggesting that he is asserting an actual-innocence claim, much less a colorable one.

applicable one-year statute of limitations.  *Burger*, 317 F.3d at 1135-38.

The Tenth Circuit agreed with the federal district court that the petitioner was not entitled to statutory tolling, but recognized that dismissing a "*first* federal habeas petition is a particularly serious matter," and found equitable tolling was warranted.  *Burger*, 317 F.3d at 1141-43 (emphasis in original) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996)).  The Tenth Circuit reasoned, in part, that the four-month delay in filing his state habeas petition was beyond the petitioner's control, particularly given "[t]he fact that Oklahoma does not apply a mailbox rule to initial [state] habeas petitions." *Burger*, 317 F.3d at 1143.  The Tenth Circuit further reasoned that "the [U.S.] Supreme Court has applied the doctrine of equitable tolling to extend a federal limitations period where a claimant has actively pursued his judicial remedies by filing a defective state pleading during that period." *Id.* at 1142.  The Tenth Circuit found the facts in *Burger* demonstrated that the petitioner diligently pursued his federal habeas claims and that he had good reason to "believe that his state petition was sufficient to begin the State's process of reviewing his claim, thus tolling the federal statute" of limitations.  *Id.* at 1141-43.  And it found those facts were readily distinguishable from the facts in earlier cases where the Tenth Circuit "has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his claims."  *Id.* at 1141.

In *Loftis*, the Tenth Circuit confronted a different set of facts but applied *Burger*'s reasoning to conclude that a habeas petitioner was entitled to equitable tolling of the one-year limitation period.  There, the petitioner asserted federal habeas claims in state court through a direct appeal and an application for postconviction relief.  *Loftis*, 812 F.3d at 1270.  But he did not receive a copy of the state district court's order denying his application for postconviction relief until after the time expired for him to file a timely notice of postconviction appeal.  *Id.* at 1270-71.

When the petitioner learned he had missed the filing deadline, he filed a motion in state district court seeking a 10-day extension to file the notice of appeal, and the state district court granted the motion. *Loftis*, 812 F.3d at 1271.  The petitioner filed a notice of appeal within 10 days of the state district court's order granting the extension and filed a petition in error and brief in support in the OCCA 15 days after filing his notice of appeal.  *Id.*  About one year later, the OCCA dismissed the petitioner's postconviction appeal as untimely, reasoning that the state district court had no authority to extend the time for filing a notice of postconviction appeal.  *Id.*  The petitioner filed a federal habeas petition about two months after the OCCA dismissed his appeal, but the federal district court dismissed the federal habeas petition, finding that the petition was untimely and that the petitioner was not entitled to statutory or equitable tolling.  *Id.*

As it did in *Burger*, the Tenth Circuit in *Loftis* agreed with the federal district court's ruling as to statutory tolling but disagreed with the court's refusal to apply equitable tolling.  The Tenth Circuit reasoned that, like the petitioner in *Burger*, the petitioner in *Loftis* "did not sleep on his federal rights, but rather diligently pursued his claims by filing the documents which he believed would be sufficient to ensure state court review of his habeas claims."  *Loftis*, 812 F.3d at 1273. The Tenth Circuit further reasoned that after the petitioner learned he had missed the deadline for filing a notice of appeal, the "petitioner made reasonable, diligent efforts to comply with procedural rules which provided no clear guidance for the unusual circumstances in which, through no fault of his own, he was situated, and where the state district court itself caused him to believe that his efforts had been sufficient to ensure state review of his habeas claims."  *Id.* at 1275.  In addition, the Tenth Circuit reasoned that equitable tolling was warranted because "the untimeliness of [the petitioner's] state post-conviction appeal was caused by the unique procedural impediments stemming from Oklahoma's decision to allow only short filing deadlines for appealing the denial

of post-conviction relief and to start the clock running on these deadlines at the time of issuance instead of the time when an incarcerated petitioner actually receives the court's order through the prison mail system." *Loftis*, 812 F.3d at 1275.  Ultimately, the Tenth Circuit concluded in *Loftis*

> that it would be inequitable to reject [the petitioner's] federal habeas petition as untimely under the circumstances of [the] case:  (1) where he was denied the ability to file a timely notice of appeal in the state post-conviction proceedings either by a failure in the mail system or by the state district court's failure to comply with its mandatory duty to promptly mail him a copy of the order denying relief, (2) the district court attempted to rectify this apparent mistake by granting him an extension of time in which to file his appeal, and (3) the OCCA concluded—after sitting on the case for a year—that the district court's decision had no legal effect and that [the petitioner] must be denied all relief because he should have known to simply ignore the apparently mandatory requirement to file a notice of appeal before filing his appellate documents.

812 F.3d at 1275-76.

Applying principles drawn from *Burger* and *Loftis*, and for the reasons stated below, the Court finds the particular facts of this case warrant equitable tolling of two time periods which, combined with the three periods of statutory tolling previously discussed, are sufficient to render petitioner's federal habeas petition timely filed.

### 1.  January 4, 2017, through April 7, 2017

First, equitable tolling is warranted from January 4, 2017, through April 7, 2017.  As discussed earlier in this opinion, *see supra*, Section II.B.1, petitioner appears to seek equitable tolling for the 117 days between January 4, 2017, and April 30, 2017.  Dkt. 17, at 1-2.  He argues that time should not count against him because the OCCA ultimately concluded that he properly filed his original postconviction appeal on January 3, 2017, when the OCCA granted him leave to file an out-of-time postconviction appeal.  Dkt. 17, at 1-2.  Thus, petitioner argues, the delay between January 4, 2017, and April 30, 2017 (the day before he filed his second application for postconviction relief seeking a postconviction appeal out of time), should be attributed to the State and the earliest his one-year limitation period began to run was February 13, 2018, the day after

his second period of statutory tolling ended.  *Id.*

On the record presented, the Court agrees, in part.  While *Gibson* forecloses petitioner's argument that he is entitled to statutory tolling of this 117-day period, *Loftis* and *Burger* support his request for equitable tolling of at least 94 days of this period.  Admittedly, the facts of the instant case differ from those in *Burger* and *Loftis*, but the Court finds the reasoning in both cases applies because it is clear from the record (1) that petitioner diligently pursued his federal habeas claims as he attempted to obtain postconviction relief in state court and (2) that the state district court's inaction impeded his efforts to perfect his original postconviction appeal.

As previously discussed, petitioner filed a timely direct appeal and filed his first application for postconviction relief on August 31, 2015, just over a month after the OCCA issued its decision affirming his conviction and sentence on direct appeal.  When petitioner filed his first application for postconviction relief in state district court, he contemporaneously filed motions requesting a hearing, trial transcripts and additional time to file a brief in support of his application.  The state district court took no action on petitioner's motions or his application for postconviction relief for one year, and summarily denied the motions and application only after petitioner twice sought mandamus relief from the OCCA.  The impact of this one-year delay is mitigated by applying statutory tolling for the time petitioner's application was pending in state district court.  But the record in this case shows a pattern of delay on the part of the state district court that frustrated petitioner's efforts to exhaust available state remedies as to the claims he raised in postconviction proceedings.

After the OCCA directed the state district court to file a response in petitioner's second mandamus action, the state district court summarily denied petitioner's motions and his first application for postconviction relief on December 2, 2016.  Only six days later, on December 8,

2016, petitioner filed a timely notice of postconviction appeal.  The state district court, however, failed to comply with its mandatory duty to prepare and submit to the OCCA a record on appeal. *See* Rule 5.3(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017) (providing that "the Clerk of the District Court shall compile two certified copies of the record on appeal as defined by Rule 5.2(C)(6), and ensure the Notice of Completion of record is filed with [the OCCA] within thirty (30) days of the filing of the Notice of Post-conviction appeal, unless an extension is requested by the court clerk and granted by [the OCCA]").  The docket sheet from petitioner's Washington County District Court case reflects that after the state district court denied petitioner's application for postconviction relief, on December 2, 2016, the clerk of the district court (1) received petitioner's notice of postconviction appeal on December 8, 2016, (2) docketed petitioner's notice of postconviction appeal on December 13, 2016, (3) received the OCCA's order dismissing petitioner's second mandamus action on December 19, 2016, and (4) received a certificate of appeal from the OCCA on January 6, 2017, indicating that the OCCA had docketed petitioner's postconviction appeal in Case No. PC-2017-3.  Dkt. 16-15, at 14.  Yet, not one of these events, or even the combination of these events, spurred the state district court to comply with its obligation to prepare and submit a record on appeal.

Nevertheless, likely believing that the state district court would comply with Rule 5.3(B), petitioner timely filed a petition in error and brief in support in the OCCA, on January 3, 2017, to perfect his original postconviction appeal.  And petitioner states in his sworn affidavit that he attached a certified copy of the state district court's order, as required by Rule 5.2(C)(2).  On these facts, the Court finds that petitioner "diligently pursued his claims by filing the documents which he believed would be sufficient to ensure state court review of his habeas claims." *Loftis*, 812 F.3d at 1273; *see also* Rules 2.1(E) and 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title

22, Ch. 18, App. (2017).  And, as in *Loftis*, petitioner's failure to perfect his original postconviction appeal rests, in large part, on the state district court's own failure to comply with the OCCA's rules—namely, its mandatory duty under Rule 5.3(B) to prepare and submit a record for appeal within 30 days of the date petitioner filed his notice of postconviction appeal.

True, when the OCCA dismissed petitioner's original postconviction appeal it cited petitioner's failure to attach a certified copy of the state district court's order.  But it also cited the lack of a sufficient appellate record.  Even assuming petitioner did fail to attach a certified copy of the state district court's order, a fact he disputes, that merely rendered his pleading defective.  And *Gibson* recognized that equitable tolling may be warranted if a habeas petitioner files a timely but defective pleading in state court when he is diligently attempting to comply with state procedures for exhausting his federal habeas claims.  *Gibson*, 232 F.3d at 808.  Moreover, as petitioner appears to contend, the OCCA would have had access to a certified copy of the state district court's December 2, 2016 order if the state district court clerk had complied with Rule 5.3(B).  Dkt. 17, at 1-2; *see* Rule 5.2(C)(6)(b), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017) (listing state district court order as one component of appeal record); *cf. Johnson v. Champion*, 288 F.3d 1215, 1228 (10th Cir. 2002) (concluding that a district court clerk's failure to comply with Rule 5.3(B), despite the habeas petitioner's filing of a timely notice of appeal, established cause for the petitioner's procedural default of a habeas claim).  In *Johnson*, the Tenth Circuit reasoned, in part, that, "[h]ad the clerk fulfilled this statutory responsibility, the OCCA would have been in possession of a certified copy of the state district court's order at the time it ruled on [the petitioner's] appeal."  288 F.3d at 1228.  Further, while the Tenth Circuit acknowledged in *Johnson* that "there still would not have been precise compliance with Rule 5.2(C) (in that a certified copy of the order would not have been physically attached to Johnson's

petition in error), there would have been practical compliance (in that a certified copy of the decision appealed would have been available to the OCCA)." *Id.* Similarly here, if not for the state district court's failure to comply with Rule 5.3(B), the OCCA would have had not only a certified copy of the state district court's December 2, 2016 order, but also a sufficient record on which it could consider petitioner's original postconviction appeal. Finally, as in *Loftis*, petitioner's failure to properly perfect his original postconviction appeal stems from a "unique procedural impediment[]" that requires both the appellant and the state district court clerk to provide the OCCA with a certified copy of the state district court's order to be appealed.

For these reasons, and under the particular circumstances of this case, the Court finds that equity favors tolling the 94-day period between January 4, 2017, the date petitioner reasonably believed he had done all that he was required to do under the OCCA's rules to perfect his original postconviction appeal, and April 7, 2017, the date the OCCA dismissed his original postconviction appeal.

### 2.    February 13, 2018, through May 21, 2018

Second, equitable tolling is warranted from February 13, 2018, through May 21, 2018.  As previously discussed, on January 12, 2018, the OCCA granted petitioner leave to file a postconviction appeal out of time, petitioner attempted to perfect the appeal on January 31, 2018, and the OCCA dismissed the appeal on May 21, 2018, finding petitioner failed to comply with the OCCA's procedural rules regarding the filing of a notice of postconviction appeal.  Though not entirely clear, petitioner appears to seek equitable tolling from February 13, 2018, the day after his time expired to perfect his out-of-time postconviction appeal, through July 1, 2019, the date the OCCA affirmed the denial of his third application for postconviction relief.  Dkt. 17, at 3-5.  Petitioner appears to argue that this time should not count against him because the OCCA

improperly dismissed his out-of-time postconviction appeal, on May 21, 2018, by overlooking evidence that he filed a notice of postconviction appeal on December 8, 2016.  Dkt. 17, at 3-5.

For two reasons, the Court finds petitioner is entitled to equitable tolling for the time he could have reasonably believed he had taken all necessary steps to perfect his out-of-time postconviction appeal.  First, petitioner continued to diligently pursue his federal claims as he attempted to perfect his out-of-time postconviction appeal.  After the OCCA dismissed his original postconviction appeal on April 7, 2017, petitioner promptly filed an application for postconviction relief in state district court, on May 1, 2017, seeking leave to file an out-of-time postconviction appeal, as required under Oklahoma law.  And (again) he sought mandamus relief from the OCCA when the state district court took no action on his application.  After the OCCA ordered the state district court to file a response in petitioner's mandamus action, the state district court issued an order, on October 24, 2017, recommending that petitioner be permitted to file a postconviction appeal out of time.  Shortly thereafter, on November 8, 2017, and in accordance with Oklahoma law, petitioner filed an application in the OCCA, seeking leave to file a postconviction appeal out of time.  Dkt. 16-11; *see Gibson*, 232 F.3d at 806.  Finally, after the OCCA issued its order on January 12, 2018, authorizing the out-of-time postconviction appeal, petitioner promptly filed a petition in error and brief in support in the OCCA on January 31, 2018.  These facts, like the facts in *Loftis* and *Burger*, show that petitioner "did not sleep on his federal rights, but rather diligently pursued his claims" as he attempted to perfect his postconviction appeal out of time.  *Loftis*, 812 F.3d at 1273.

Second, petitioner timely filed a defective pleading in his attempt to perfect his out-of-time postconviction appeal and, under the facts of this case, until the OCCA dismissed the appeal, it was reasonable for petitioner to believe that he had done all that was required by the OCCA's

procedural rules to perfect that appeal.  When the OCCA granted petitioner leave to file a postconviction appeal out of time, the OCCA directed petitioner to "lodge the appeal in accordance with Rules 2.1(E)(3) and 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017)."  Dkt. 16-12, at 2.  The plain language of the first rule told petitioner that "the documents required to be filed in [the OCCA] for perfecting that post-conviction appeal shall be filed by the petitioner within thirty (30) days of the order granting an appeal out of time in accordance with Rule 5.2(C)."  Rule 2.1(E)(3), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017).  The second rule provided, in relevant part,

> (1) The party desiring to appeal from the final order of the District Court under Section V of these rules MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within ten (10) days from the date the order is filed in the District Court. . ..
>
> (2) A petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court.  The petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed.  If the post conviction appeal arises from a . . . regular felony conviction, the required documents must be filed within thirty (30) days from the date the final order of the District Court is filed with the Clerk of the District Court. . ..

Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017).  Turning back to the OCCA's order, the OCCA reiterated that "[t]he Petition in Error, supporting brief, and a certified copy of the District Court Order must be filed with this Court within thirty (30) days from the date of this Order as required by Rule 5.2(C)," and that "[t]he Petition in Error shall reference this Order granting Petitioner a post-conviction appeal out of time."  Dkt. 16-12, at 2.

Petitioner substantially complied with the cited rules and the OCCA's directions.  First, he filed a petition in error and brief in support in the OCCA, in Case No. PC-2018-105, on January 31, 2018, well within 30 days of the OCCA's January 12, 2018 order granting him leave to file a

postconviction appeal out of time.  Dkts. 16-13, 16-14.  And, with his supporting brief, petitioner submitted certified copies of the state district court's December 2, 2016 order denying his first application for postconviction relief (i.e., the order for which he sought appellate review) and the state district court's October 24, 2017 order recommending an out-of-time postconviction appeal.  Dkt. 16-14, at 12-14, 17-20.  And, it would have been reasonable for petitioner to believe that he complied with the plain language of Rule 5.2(C)(1) because he filed a notice of postconviction appeal on December 8, 2016, less than 10 days after the state district court denied his first application for postconviction relief on December 2, 2016.  But, as petitioner candidly admits, he did not precisely comply with Rule 5.2(C)(2) because he failed to either attach a copy of his December 8, 2016 notice of appeal or expressly state within his petition in error the date he filed that notice of appeal.  Dkt. 17, at 3.  As a result, the OCCA dismissed petitioner's out-of-time postconviction appeal on May 21, 2018, citing his failure to comply with Rule 5.2(C)(2).  Dkt. 16-6, at 3.

But the OCCA further stated in its order that petitioner failed to provide the OCCA "with any other proof" that he had filed a notice of postconviction appeal.  Dkt. 16-16, at 3.  More specifically, the OCCA stated,

> Contrary to the requirements of Rule 5.2(C)(2), there is no statement within Petitioner's Petition in Error nor his brief that he filed a Notice of Post-Conviction Appeal.  If Petitioner nonetheless did file a Notice of Post-Conviction Appeal, he has not provided this Court with a copy of that document *or with any other proof of its filing*.  Moreover, this Court has not received a post-conviction appeal record nor any Notice of Completion stating that such an appeal record has been prepared.  As occurred in the *Pershall* matter, Petitioner was granted an out-of-time post-conviction appeal and thereupon was told to lodge that appeal in accordance with Rule 5.2(C).  *Robinson* at 1; *Pershall*, ¶ 7, 400 P.3d at 873.  It does not appear, however, that Petitioner has complied with Rule 5.2(C)'s requirements concerning the Notice of Post-Conviction Appeal.

Without an appeal record, this Court cannot reliably determine if the District Court erred in denying Petitioner's post-conviction application. 'If a defendant desires to bring a case here upon appeal, he must at least bring up enough of the proceedings of the lower court to enable this court to pass intelligently upon the questions presented for decision.' *O'Neal v. State*, 1970 OK CR 24, ¶ 11, 468 P.2d 59, 62-63. 'It is the burden of the party urging error to present to this Court a sufficient record upon which this Court may determine the issue raised. Failure to do so waives the alleged error.' *Boyd v. State*, 1987 OK CR 211, ¶ 11, 743 P.2d 674, 676.

Accordingly, Petitioner was required to file a Notice of Post-Conviction Appeal advising the District Court Clerk of his intended appeal of [the state district court's] final order filed December 2, 2016. By all appearances, Petitioner has failed to do so. Consequently, his Petition in Error and brief should be dismissed. *See Pershall*, ¶ 10, 400 P.3d at 873.

Dkt. 16-16, at 3-4 (emphasis added).

As petitioner contends, the OCCA seemingly overlooked "other proof" in the state-court record that petitioner had, in fact, filed a notice of postconviction appeal. Dkt. 17, at 3-4. As previously discussed, petitioner submitted with his supporting brief, filed in the OCCA on January 31, 2018, a copy of the state district court's October 24, 2017 order recommending an out-of-time postconviction appeal. And that order expressly stated that petitioner filed a notice of postconviction appeal on December 8, 2016, in Washington County District Court. Dkt. 16-14, at 18. Accordingly, as in *Johnson*, the record in this case shows that even if petitioner did not technically comply with Rule 5.2(C)(2), language from the OCCA's order dismissing his out-of-time postconviction appeal arguably suggests that the OCCA might not have dismissed his appeal had the OCCA recognized that petitioner timely filed a notice of postconviction appeal in the state district court and, further, that the state district court failed to prepare a record on appeal at that time. Dkt. 16-16, at 3; *see Johnson*, 288 F.3d at 1228. And, as petitioner appears to contend, had the state district court complied with Rule 5.3(C) by submitting a record on appeal with petitioner's original postconviction appeal, that record would have included a copy of petitioner's December 8, 2016 notice of postconviction appeal. *See* Rule 5.2(C)(6)(f), *Rules of the Oklahoma Court of*

29

*Criminal Appeals*, Title 22, Ch. 18, App. (2018) (listing notice of appeal as one component of record on appeal).[18]

In sum, petitioner diligently attempted to obtain review of his federal claims when he attempted to perfect his out-of-time postconviction appeal but he timely filed a defective pleading by failing to state—within his petition in error—when and where he filed his notice of postconviction appeal. On the record presented, it is clear that the OCCA overlooked evidence in the state court record showing that petitioner did, in fact, timely file a notice of postconviction appeal. The Court therefore finds that equity favors tolling the 98-day period from February 13, 2018, when it would have been reasonable for petitioner to believe he had done all he was required to do to perfect his out-of-time postconviction appeal, and May 21, 2018, when the OCCA dismissed that appeal.

### 3. Conclusion

With the benefit of equitable tolling for the two periods just discussed, and the previously discussed periods of statutory tolling, the instant petition is timely. As a reminder, petitioner's one-year limitation period commenced on October 13, 2015, and was statutorily tolled until January 3, 2017, the last day petitioner could have properly filed his original postconviction appeal. With the benefit of equitable tolling for the 94-day period from January 4, 2017, through April 7,

---

[18] Ironically, the OCCA blamed petitioner for failing to "trigger[] the District Court Clerk's duty to assemble the record on appeal, transmit the Notice of Completion of the Record, and timely file the record with the Clerk of this Court" when it is clear from the publicly-available docket sheet in petitioner's underlying criminal case that he did so when he attempted to perfect his original postconviction appeal and that the state district court failed to comply with its own duty to prepare and submit the record on appeal. Dkt. 16-16, at 3 (quoting *Pershall v. State*, 400 P.3d 871, 872 (Okla. Crim. App. 2017)). As discussed in this opinion, the state district court's failure to comply with the OCCA's rules resulted in petitioner's unsuccessful four-year quest to obtain review of the claims he raised in his first application for postconviction relief. It hardly seems equitable to require petitioner's strict compliance with the OCCA's rules when the state district court also failed to comply with those rules.

2017, only 23 days of petitioner's one-year limitation period for filing a federal habeas petition passed, between April 7, 2017, and April 30, 2017, before petitioner filed a second application for postconviction relief in state district court on May 1, 2017.  Petitioner's one-year limitation period was then tolled by statute from May 1, 2017, through February 12, 2018, when the time expired for him to properly file a postconviction appeal out of time.  Thus, as of February 13, 2018, petitioner had 342 days (365 – 23) to file a timely federal habeas petition.

With the benefit of equitable tolling for the 98-day period between February 13, 2018, and May 21, 2018, petitioner's one-year limitation period began to run again on May 22, 2018, and ran for an additional 59 days before it was tolled by statute for a third time on July 20, 2018. Petitioner's third statutory tolling period ended on July 1, 2019.  Thus, as of July 2, 2019, petitioner had 283 days (342 – 59) remaining to file a timely federal habeas petition.  Because petitioner filed the instant federal habeas petition only 213 days later, on January 30, 2020, the petition is timely through the combined benefit of statutory and equitable tolling.[19]

## III.   Conclusion

Based on the foregoing analysis, the Court concludes that with the benefit of statutory and equitable tolling, petitioner timely filed the instant federal habeas petition.  The Court therefore denies respondent's dismissal motion.  No later than 30 days after the entry of this opinion and order, respondent shall file a response to the allegations in the petition, in accordance with Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, and shall submit any

---

[19] Based on this conclusion, the Court finds it unnecessary to consider petitioner's argument that he is entitled to equitable tolling for a 28-day statewide prison lock down. Dkt. 17, at 3.

additional portions of the state-court record that are necessary to adjudicate petitioner's claims.[20]

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Rick Whitten, in place of Jeorld Braggs, as party respondent.

2. Respondent's motion to dismiss (Dkt. 15) is **denied**.

3. No later than 30 days after the entry of this opinion and order, respondent shall file a response to the allegations in the petition, in accordance with Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, and shall submit any additional portions of the state-court record that are necessary to adjudicate petitioner's claims.

4. Petitioner may, but is not required to, file a reply brief no later than 30 days after the date respondent files the response.

**DATED** this 17th day of December 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[20] As respondent notes in the dismissal motion, petitioner's ground five claim, asserting ineffective assistance of appellate counsel, is unexhausted.  Dkt. 16, at 11 n.4.  As provided in Habeas Rule 5, respondent is free to argue in his response that the failure to exhaust bars habeas relief as to ground five.  But the Court is not inclined to dismiss the entire petition given that four of petitioner's claims are exhausted and, at this point, it appears petitioner's ground five claim would be subject to an anticipatory procedural bar.  *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (discussing exhaustion and application of anticipatory procedural bar doctrine).